UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED

JUN 0 1 2023

MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

-----------------------------------------------------------------x

U.S. EQUAL EMPLOYMENT OPPORTUNITY     :
COMMISSION,                            :
                                       :
        Plaintiff,                     :
                                       :
    v.                                 :     1:23-CV-0111-JLS-LGF
                                       :
PARRIS PIZZA COMPANY, LLC,             :
                                       :
        Defendant.                     :
-----------------------------------------------------------------x

## CONSENT DECREE

On February 2, 2023, the U.S. Equal Employment Opportunity Commission ("EEOC") brought this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Charging Party Andrew D. Ross and other similarly aggrieved Black employees who were adversely affected by such practices. As alleged in the EEOC's Complaint, Defendant Parris Pizza Company, LLC ("Defendant" or "Parris Pizza"), which operated a franchise of Domino's Pizza, LLC ("Domino's") in Olean, New York, Store 3480, from December 27, 2010, to May 23, 2022, violated Title VII by subjecting Ross and other similarly aggrieved Black employees to racial harassment, by creating and maintaining a hostile work environment because of their race (Black), and by constructively discharging Ross.

The discrimination included shift managers Andrew Harmon's and Dakota Spencer's use of racist language—including "nigger," "nigga," and "boy"—during every shift. Harmon and Spencer made negative, derogatory comments about Black people, such as how "most woke people are Black" or "most poor people are Black." On one occasion, Spencer acted disgusted and then walked away when he saw Ross watching an NBA game in which Black players wore T-

1

shirts with messages about Black Lives Matter. On another, Spencer overheard a female Black employee telling a White co-worker not to use the "n-word." Spencer, who was in the bathroom, emerged and immediately approached the Black employee. He got right in her face, stared into her eyes, and threateningly said the word, "nigga."

In April 2021, Harmon mimicked the voice of a slave owner and told Ross to "Go hang them tags, boy," while Spencer stood by and laughed. Ross objected and said that the language was racist. Spencer repeated the language using a similar voice, and Harmon laughed again. After Ross again objected, Spencer told Ross to go "get a tampon" if he was so upset. Spencer repeatedly asked Ross if he needed to get a tampon.

Black employees reported the harassment, but Parris Pizza took no disciplinary action against the harassers. On the contrary, one manager was promoted, and the other received an increase in pay. Because of the harassment he had experienced and Parris Pizza's failure to do anything about it, Ross was compelled to resign.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## PART I.  GENERAL PROVISIONS

### Section 101.  Purpose of this Decree

A.    The EEOC and Defendant desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the parties.

B.    The Decree resolves all issues that were raised in the EEOC's Complaint and Charge of Discrimination No. 525-2021-00930, which served as the jurisdictional prerequisite in this case. This Decree in no way affects the EEOC's right to process any pending or future

2

charges that may have been or will be filed against Defendant, and to commence civil actions on any such charges.

      C.      The EEOC and Defendant agree that this Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and that all administrative prerequisites have been met. No party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

      D.      The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

**Section 102. Definitions**

      A.      "Parris Pizza" or "Defendant" means Defendant Parris Pizza Company, LLC f/d/b/a Domino's, and any future entity owned or operated by William Parris that has employees, including such entity's predecessors, successors and/or assigns, agents, and entities in active concert with it.

      B.      The "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government charged with administering, interpreting, and enforcing Title VII.

      C.      "Charging Party" refers to Andrew D. Ross, who filed EEOC Charge of Discrimination Number 525-2021-00930.

      D.      "Claimant" or "Claimants" refers to any individuals (other than Charging Party) subjected by Parris Pizza to unlawful employment practices while employed by Parris Pizza at Store 3480, whom the EEOC identified after the filing of EEOC Charge of Discrimination Number 525-2021-00930.

E.      A "New Business" refers to any entity owned or operated by Parris Pizza and/or William Parris that opens or operates a business with employees within five (5) years after the Effective Date.

F.      "Relevant Time Period" means January 1, 2019, through May 23, 2022.

G.      "Day" or "Days" means calendar days and includes weekends and holidays.

H.      "Contact Information" means home address, home phone number, cell phone number, and personal e-mail address.

I.      "Effective Date" means the date this Decree is entered by the Court.

J.      Unless specifically noted, all terms apply for the duration of the Decree.

## Section 103.  Applicability of Decree to New Businesses Owned or Operated by Defendant, to Successors and Assigns, or upon Purchase, Merger or Consolidation

Defendant no longer operates Store 3480, or any other business that has employees.  If Parris Pizza, or any entity owned or operated by William Parris, opens or operates a business that has employees within five (5) years after the Effective Date, Defendant will provide written notice to the EEOC thirty (30) days before such business ("New Business") commences operations. Upon any New Business's commencing operations, this Decree will apply to the New Business and remain in effect for five (5) years from the start of operations of the New Business.

Before Defendant engages in any transfer of its business or its assets, it will provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of its business or assets, and to any potential successors, assigns, subsidiaries, or affiliates, including any entity with which Defendant may merge or consolidate.  Defendant will provide written notice to the EEOC twenty-one (21) days before any transfer of its business or assets.

4

**Section 104. Amendments to this Decree**

This Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and approved or ordered by the Court.

**Section 105. Severability**

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the parties.  The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

**Section 106. Breach of Decree**

A breach of any term of this Decree by Defendant will be deemed a material and substantive breach of this Decree.  Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree if Defendant fails to perform any of the terms contained herein. This Decree will be construed by this Court under federal law.

**Section 107. Notices**

Except as otherwise provided for in this Decree, all notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient as emailed, hand-delivered, faxed, or sent by certified, registered, or overnight mail to the following persons (or their designated successors):

| For the EEOC: | Rebecca F. Izzo |
| --- | --- |
| | Buffalo Local Office |
| | 300 Pearl Street, Suite 450 |
| | Buffalo, NY 14202 |
| | rebecca.izzo@eeoc.gov |
| | |
| | and decreemonitor.nydo@eeoc.gov |
| For Defendant: | Richard A. Braden |
| | Goldberg Segalla |
| | 665 Main Street |
| | Buffalo, NY 14203 |
| | rbraden@goldbergsegalla.com |

Any party may change such addresses by written notice to the other parties setting forth a new address for this purpose.

## PART II.  INJUNCTIVE RELIEF

### Section 201.  Injunctions

A.      Defendant is enjoined from engaging in or failing to prevent or correct unlawful harassment based on race, including but not limited to the use of racial slurs and derogatory comments.

B.      Defendant is enjoined from retaliating against any employee, including but not limited to an employee who complains of discrimination, who oppose practices he or she consider to be unlawfully discriminatory, and/or who participate in protected activity or who provide information related to complaints of discrimination.

C.      Defendant will not employ Dakota Spencer or Andrew Harmon in any New Business.

### Section 202.  Apology and Notices to Former Employees

Within fourteen (14) days of the Effective Date, Parris Pizza will mail a copy of the "Notice of Lawsuit and Resolution" (attached as Exhibit A) and a letter (hereafter the "Parris

6

Letter of Apology," attached as Exhibit B) apologizing for the racial harassment at Store 3480 and setting forth Parris Pizza's commitment to ensuring a workplace free from discrimination, including racial harassment and race discrimination, in any future business it operates, to all individuals who were employed by Parris Pizza during the Relevant Time Period to the last known address of such individuals.  Parris Pizza will certify in writing to the EEOC within seven (7) days after it has distributed the Notice and Parris Letter of Apology pursuant to this provision.

**Section 203.  Posting and Distributing Notices to Future Employees**

      A.     <u>Posting of Notice of Resolution</u>

Within seven (7) days of the start of its operations, any New Business will conspicuously post and maintain the Notice (Exhibit A) in all prominent places where employee notices are posted.  The New Business will certify in writing to the EEOC within seven (7) days after it has posted the Notice pursuant to this provision.  It will remain in place for the duration of the Decree and will not be removed, defaced, or obscured.

      B.     <u>Provision of Notice and Letter of Commitment to Employees</u>

      1.     Within seven (7) days of the start of its operations, any New Business will provide a copy of the Notice (Exhibit A) and a letter signed by the President of the New Business and/or Head of Human Resources for the New Business affirming the New Business's commitment to maintaining a work environment free of discrimination ("Letter of Commitment") to all employees.  The New Business will certify in writing to the EEOC within seven (7) days after it has distributed the Notice and Letter of Commitment pursuant to this provision.

      2.     Any New Business will provide the Notice (Exhibit A) and Letter of Commitment to all future employees within seven (7) days of the start of their employment.

3.     On a biannual basis beginning six months after the start of its operations, any New Business will certify in writing to the EEOC that it has distributed the Notice and Letter of Commitment in accordance with the above terms and will include a list of employees to whom they were distributed.

**Section 204.   Non-Discrimination Policy and Complaint Procedures**

A.     Content of Non-Discrimination Policies and Procedures

Within seven (7) days of the start of its operations, any New Business will adopt anti-discrimination policies and complaint procedures ("Policies and Procedures") setting forth the New Business's commitment to equal opportunity in all aspects of employment and, at a minimum, containing the following:

1.     A detailed explanation of Title VII's prohibition against race discrimination, race harassment, and retaliation;

2.     The assurance that the New Business will not retaliate against employees who make complaints of discrimination, who oppose practices they consider to be unlawfully discriminatory, and/or who participate in protected activity or who provide information related to complaints of discrimination;

3.     A clearly described process with multiple avenues for reporting and/or complaining of race discrimination, race harassment, or retaliation, including but not limited to:

a.     The New Business's assurance that it will accept any and all complaints from employees who wish to make complaints internally;

b.     The New Business's assurance that it permits the filing of anonymous complaints and provides safeguards to preserve a complainant's anonymity when requested;

8

      c.      The New Business's assurance that it will keep confidential to the extent possible and not publicize unnecessarily the subject matter of the complaints or the identity of the complainants;

      d.      A requirement that all aspects of an investigation of workplace discrimination will be thoroughly documented in written form;

      e.      A requirement that both the individual who raises the complaint, and the responding party, will be informed in writing of the outcome of the investigation;

      f.      A confidential, toll-free Complaint Hotline, accessible 24 hours per day, seven days per week.

4.      The Policies and Procedures will also advise employees of their right to contact the EEOC and/or a state or local agency in the event that the employee believes he or she has been discriminated against in violation of Title VII or similar state or local law or regulation.

5.      The Policies and Procedures must be submitted to the EEOC for review and comment at least thirty (30) days prior to the New Business's starting its operations. The EEOC's review of the Policies and Procedures is not a representation that the New Business is in compliance with federal anti-discrimination laws.

B.      <u>Issuance of Policies and Procedures</u>

1.      Within seven (7) days of the start of its operations, any New Business will distribute to each employee a copy of its Policies and Procedures concerning discrimination.

2.      Within seven (7) days of the start of its operations, any New Business will include its Policies and Procedures in its Employee Handbook and will make the Policies and

Procedures available on any company website that makes other human resources information or policies available to employees.

   3. Any New Business will provide all new employees with copies of the Policies and Procedures within seven (7) days of the commencement of their employment.

   4. On a biannual basis beginning six (6) months after the start of its operations, any New Business will certify in writing to the EEOC that it has distributed the Policies and Procedures, included them in its handbook, made them available on its website, and provided them to new employees, in accordance with the above terms and include a list of employees to whom they were distributed.

**Section 205. Training**

  A. <u>Initial Training</u>

    1. <u>Content and Duration of the Initial Training</u>

Within thirty (30) days of the start of its operations, any New Business will provide at least four (4) hours of training for all of its (a) non-supervisory employees, (b) supervisory and management employees, and (c) human resource employees. The training will review the rights and responsibilities of employees under federal anti-discrimination laws and how such laws define unlawful discrimination, with a focus on preventing race discrimination and racial harassment. The training will include examples of unlawful conduct. The training also will cover the New Business's anti-discrimination policies and procedures with particular emphasis on the internal complaint, investigation, and remediation processes and an employee's right to file with the EEOC and state or local agencies. At least fourteen (14) days prior to the New Business's commencing operations, the New Business will provide the following to the EEOC for review and comment: (a) a detailed agenda with proposed training materials, (b) curriculum vitae for the individual(s) who

will conduct the training, and (c) a plan to ensure that all employees receive the required training. The training programs will be conducted by a third-party entity, subject to approval by the EEOC. Reference to the training in this Decree is not a representation by the EEOC that the New Business is in compliance with federal anti-discrimination laws.

2.  Scheduling and Confirmation of Initial Training

Within thirty-five (35) days of the start of its operations, any New Business will provide the EEOC with an attendance sheet that includes the date, the names of those in attendance, and the signatures of those in attendance along with a then-current list of all employees meant to be covered by the training.

B.  Annual Training

1.  Annual Training for Non-supervisory Employees

Within thirty (30) days of each anniversary of the start of its operations, any New Business will provide all non-supervisory employees with at least two (2) hours of EEO training as described below in sub-paragraph 4.

2.  Quarterly Training for Management and Supervisory Employees

On a quarterly basis, any New Business will provide all supervisory and management employees with at least four (4) hours of EEO training as described below in sub-paragraph 4.

3.  Annual Training for Human Resources Employees

Within thirty (30) days of each anniversary of the start of its operations, any New Business will provide all human resource employees with at least six (6) hours of EEO training as described below in sub-paragraph 4.

4.     Subjects of Annual Training

a.     All Annual Trainings must include: instruction on the requirements of all applicable EEO laws, with a particular focus on Title VII of the Civil Rights Act of 1964 and the prevention of race discrimination and racial harassment, and a review of the New Business's non-discrimination policies and procedures with particular emphasis on the complaint procedure.

b.     For supervisory, management and human resources employees, the Annual Training must include instruction on any policies and requirements related to this Decree and the proper procedures for responding to complaints of discrimination or harassment.

C.     Training for New Employees

Any New Business will provide two (2) hours of training for all new non-supervisory employees, four (4) hours of training for all new management/supervisory employees, and six (6) hours of training for all new human resource employees within thirty (30) days of the commencement of their employment. The training will review the rights and responsibilities of employees under federal anti-discrimination laws and how such laws define unlawful discrimination, with a focus on preventing race discrimination and racial harassment. The training will include examples of unlawful conduct. The training also will cover the New Business's anti-discrimination policies and procedures with particular emphasis on the internal complaint, investigation, and remediation processes and an employee's right to file with the EEOC and state or local agencies. For supervisory, management and human resources employees, the training will also include the proper procedures for responding to complaints of discrimination or harassment.

E.     Reporting Requirements for Training

All employees attending any training session described in the above paragraphs will print and sign their full names on an attendance sheet. Within seven (7) days of the completion of any

training described in the preceding paragraphs, the New Business will provide the EEOC with copies of all attendance sheets and a then-current employee list. On a biannual basis beginning six (6) months after the start of its operations, the New Business will provide the EEOC with attendance sheets pertaining to training given to new employees and a list of the employees, if any, who did not attend training as required.

F.    **Pre-Training Notification Requirement**

At least thirty (30) days prior to the Initial and Annual trainings required under this Section, any New Business will provide the EEOC notice of the date, time, and location of the scheduled training. The EEOC, at its discretion, may attend and observe one or more of the training sessions and may provide changes to be implemented by the trainer.

**Section 206. Monitoring and Reporting**

A.    Monitoring by the EEOC

The EEOC may monitor Defendant's and any New Business's compliance with this Decree through the inspection of Defendant's and/or any New Business's premises and records, and interviews with Defendant's and/or any New Business's officers, agents, employees, and contractors at reasonable times. Defendant and any New Business will make available for inspection and copying any records related to this Decree upon request by the EEOC.

B.    Reporting Requirements for Discrimination Complaints

On a biannual basis beginning six months after the start of its operations, any New Business will provide a written report to the EEOC with information regarding any verbal or written complaints of discrimination from employees or applicants, which were received, pending or closed during the preceding six months. The report will include the name of the complainant, the name of the alleged harasser or discriminator, a list of each step taken by any New Business

during the investigation, a summary of the complaint, the location, the results of any investigation of the complaint, and any remedial action taken by any New Business.

**Section 207.  Compliance with Recordkeeping Requirements**

Defendant and any New Business will maintain such records as are necessary to demonstrate compliance with this Decree and 29 C.F.R. §1602 *et seq.* and to verify that the reports submitted pursuant to this Decree are accurate.

## PART III.  MONETARY RELIEF

Within seven (7) days of the Effective Date, Defendant will pay the total gross sum of $150,000.

**Section 301.  Monetary Relief to the Charging Party**

A.      Within seven (7) days of the Effective Date, Defendant will pay the total gross sum of $65,000 to Charging Party Andrew D. Ross.

B.      $50,000 is designated as compensatory damages.  Defendant will send the check and IRS Form 1099 via certified mail, return receipt requested, to Charging Party at an address provided by the EEOC.  A copy of the check, IRS Form 1099, and shipment tracking information will be provided to the EEOC immediately upon their issuance.

C.      $15,000 is designated as back wages.  Defendant will send the check and IRS Form W-2 via certified mail, return receipt requested, to Charging Party at an address provided by the EEOC within seven (7) days of the Effective Date.  A copy of the check will be provided to EEOC immediately upon its issuance.

**Section 302.  Monetary Relief to Claimants**

A.      Within seven (7) days of entry of this Decree, Defendant will pay the total gross sum of $85,000 in compensatory damages to be distributed among the Claimants identified by the

14

EEOC. Eligibility for a distribution and the amount of distribution will be determined solely by the EEOC in its discretion.

      B.      Within seven (7) days of the Effective Date, the EEOC will provide to Defendant a list containing the names, addresses, and award to be made to each Claimant.

      C.      For each award of compensatory damages, Defendant will issue an IRS Form 1099. Defendant will send the check and IRS Form 1099 via certified mail, return receipt requested. A copy of the check will be forwarded to the EEOC immediately upon its issuance.

**Section 303. The EEOC's Reporting Requirements under IRC Sections 162(f) and 6050X**

      A.      The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Defendant with a copy of the 1098-F form that it will provide to the Internal Revenue Service ("IRS").

      B.      Defendant's EIN is: 27-1574507.

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

> Parris Pizza Company, LLC
> 29 Bank Street
> Bradford, PA 16701

      C.      The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the

EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## PART IV.  SIGNATURES

Each signatory to this Decree represents that (s)he is fully authorized to execute this Decree and to bind the parties on whose behalf (s)he signs.

## PART V.  DURATION OF DECREE

A.      This Decree will remain in effect for five (5) years from the Effective Date, or, if there are any New Businesses, five (5) years from the commencement of operations of the last New Business.  The Decree will not expire against any signatory while any enforcement action is pending against that signatory.

B.      If the EEOC has notified Defendant in writing not less than twenty-one (21) days in advance of the expiration of this Decree that Defendant is not in compliance with any sections of this Decree, Defendant's obligations under this Decree will remain in effect until the EEOC determines that Defendant is in compliance.

C.      The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein.  Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

APPROVED IN FORM AND CONTENT:

16

For Plaintiff the EEOC:

Jeffrey Burstein
Regional Attorney

Nora E. Curtin
Supervisory Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

Rebecca F. Izzo
Trial Attorney
EEOC Buffalo Local Office
300 Pearl Street, Suite 450
Buffalo, New York 14202

For Defendant

William H. Parris
Managing Member
Parris Pizza Company, LLC

SO ORDERED this 1st day of June, 2023.

United States District Judge

23-cv-111
Consent Decree

17

**EXHIBIT A**



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

## NOTICE TO ALL EMPLOYEES OF LAWSUIT & SETTLEMENT

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *U.S. Equal Employment Opportunity Commission v. Parris Pizza Company, LLC f/d/b/a Domino's*, Case No. 1:23-cv-00111(JLS)(LGF), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against Parris Pizza Company, LLC ("Parris Pizza") in the United States District Court for the Western District of New York.

In its lawsuit, the EEOC alleged that Parris Pizza violated Title VII of the Civil Rights Act of 1964, as amended, by subjecting Black employees to racial harassment at Domino's Store 3480 in Olean, New York, and by creating and maintaining a hostile work environment because of their race (Black). The mistreatment included two managers' regular and open use of slurs such as "n----r," "n----a," and "boy" during every shift. Among other incidents, upon overhearing a Black employee tell a White co-worker not to use the "n-word," a manager got close to the Black employee's face and threateningly said the word, "n----a." In another incident, the other manager mimicked the voice of a slave owner and told a Black employee to "Go hang them tags, boy," while the other manager stood by and laughed. Black employees complained about the harassment, but Parris Pizza took no disciplinary action against the harassers. On the contrary, one manager was promoted, and the other received an increase in pay. Because of the harassment he had experienced and Parris Pizza's failure to do anything about it, one Black employee was compelled to resign.

Federal law prohibits racial harassment and discrimination in employment based on race. Federal law also prohibits retaliation against any employee who makes a complaint or files a charge of discrimination, who opposes unlawful activity, or who cooperates in the investigation of a charge or otherwise exercises their rights under the law.

Pursuant to the Consent Decree, Parris Pizza will pay $150,000 in damages, and:

1. Is enjoined from engaging in race discrimination, racial harassment, or retaliation against any person who exercises his or her rights under federal anti-discrimination laws;

2. Will distribute this Notice to former employees;

18

3.    The EEOC will monitor compliance with the Consent Decree;

4.    Any new business owned or operated by Parris Pizza or William Parris during the term of the Consent Decree:

    a.    Will maintain and distribute written policies and procedures prohibiting discrimination and enabling employees to file discrimination complaints;

    b.    Will provide training on federal laws prohibiting employment discrimination to all current and future employees;

    c.    Will provide EEOC periodic reports on its internal complaints of discrimination; and

    d.    Will distribute this Notice to its employees.

Should you have any complaints or questions regarding employment discrimination, contact the EEOC at:

> Equal Employment Opportunity Commission
> (800) 669-4000
> Website: www.eeoc.gov

Dated:_____

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL

This Notice must remain posted for five (5) years from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.

**EXHIBIT B**

**[Parris Pizza Company, LLC Letterhead]**

[Date]

Mr./Ms. _____
Last Known Mailing Address

Dear _____:

   We write this letter to apologize for any racial harassment at Store 3480 that may have occurred during the months and years prior to May 22, 2022 when the company sold its assets and dissolved its business operations. Parris Pizza Company, LLC is committed to ensuring a workplace free from discrimination, including racial harassment and race discrimination in any future business that it may operate in the future.

   Sincerely,


   William H. Parris
   Managing Member